## Pioneer Savings and Loan Company v. Benjamin B. Miller et al.

<span style="float:right">58 211<br>58 213</span>

1. SAVINGS AND LOAN ASSOCIATIONS—*Power of Making Assessments.*—When the by-laws of an association are expressly made a part of the contract or certificate of stock, and expressly give the association power to make sufficient assessments, so that stock will mature within a fixed time, the stockholder can not question the action of the association in making such assessments, where no fraud is practiced upon him.

Foreclosure Proceedings.—Appeal from a decree of the Circuit Court of White County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

CALHOUN, STEELY & JONES, attorneys for appellant; GEORGE D. EMERY, of counsel.

ORGAN & ORGAN and M. H. MUNDY, attorneys for appellees.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This case involves the same questions as those decided in case of same appellant against Brockett. The same arguments are submitted, as stated by appellee's counsel, "the only contention in the case being as to the power of the officers at Minneapolis to make assessments without any reason being shown or existing therefor." It is admitted by appellee that he did not pay assessments made to mature the stock within the five years.

The by-laws, which are expressly made a part of the contract or certificate of stock, expressly give the power to make sufficient assessments so that the stock included in such classification will mature within the time limited. This was essential to protect the association against loss, which the by-laws gave the officers power to do. How otherwise could the association be expected to pay the full face value of the stock at the expiration of five years, except by maturing the stock in the way of assessments? The shareholders doubtless did not know that such power existed; yet the proposition on the face of the certificate—not considering the terms, conditions and by-laws—was so unreasonable, as a moment's reflection would have disclosed, that the holders should have been put on their guard and looked further into the hidden powers contained in the terms, conditions and by-laws, subject to which the certificates were expressly issued. There is no claim made of fraud practiced upon these shareholders, and in view of the plain provisions printed on the certificates, we do not well see how there could be. The decree on the original bill is set aside, with directions to dismiss the bill, and the decree on the cross-bill is reversed and the cause remanded.